**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AZIZ ISLAMOVICH KHAZRATKULOV,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   19-72318

Agency No. A215-815-301

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2020[**]
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,[***] District
Judge.

Aziz Islamovich Khazratkulov, a native and citizen of Uzbekistan, petitions

for review of the order of the Board of Immigration Appeals ("BIA") dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

his appeal from a decision by an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After review for substantial evidence of the agency's[1] factual findings, and applying the standards governing adverse credibility determinations created by the REAL ID Act, *see Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistent testimony of Khazratkulov and his witness as well as the inconsistencies between their testimony and the documentary evidence. *See* 8 U.S.C. § 1158)(b)(1)(B)(ii)-(iii); *see also Shrestha,* 590 F.3d at 1048 (adverse credibility finding was reasonable under the totality of the circumstances). More specifically, there are significant discrepancies regarding the details of Khazratkulov's arrest, when he received medical treatment, who was permitted to visit him when he was hospitalized, how he met his wife, and when his religious marriage took place. Moreover, there is substantial evidence to support the agency's finding that Khazratkulov did not submit sufficient corroborating

---

[1] In finding no clear error in the IJ's findings, the BIA did not conduct its own independent analysis but relied on the IJ's reasoning. Thus, we review both the IJ's and the BIA's decisions. *See Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019) (reviewing both the IJ's and the BIA's decisions where the BIA adopted or relied on the IJ's reasoning). We refer to the BIA and IJ collectively as the "agency."

evidence to substantiate his claims or rehabilitate his testimony. *See Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014) (adverse credibility finding is supported when despite being given the opportunity, an applicant fails to clarify or explain inconsistent statements). Absent credible testimony, Khazratkulov failed to establish his eligibility for relief and therefore the agency properly denied his petition for asylum and withholding of removal.

Ineligibility for asylum and withholding of removal does not necessarily preclude eligibility for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). However, Khazratkulov's claims under the CAT are based on the same statements that the agency determined not to be credible. Khazratkulov points to no other evidence in the record that *compels* the conclusion that it is more likely than not that he will be tortured by, or with the consent or acquiescence of the government if he is returned to Uzbekistan. *Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). Furthermore, his country conditions evidence failed to independently establish a likelihood of torture, particularly because it did not show that he is at an individualized risk of harm. *Dhital v. Mukasey,* 532 F.3d 1044, 1051 (9th Cir. 2008). Accordingly, substantial evidence supports the agency's denial of Khazratkulov's application for CAT relief.

Khazratkulov's motion to stay removal (Dkt. 1) is denied as moot.

The petition for review is **DENIED.**